329 F.2d 399
 Morris MOUGHON and Wife, Virginia Moughon, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
MARTIN A. HAYES & CO., Inc., Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hubert C. CUNNINGHAM, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 15428-15430.
 United States Court of Appeals Sixth Circuit.
 Decided March 27, 1964.
 
 Richard H. Frank, Jr., and John M. Barksdale, Nashville, Tenn., for petitioners.
 
 
 1
 Fred R. Becker, Dept. of Justice, Washington, D. C., for respondent; Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on brief.
 
 
 2
 Before CECIL and PHILLIPS, Circuit Judges, and PECK, District Judge.
 
 
 3
 PECK, District Judge.
 
 
 4
 These cases, which were consolidated for presentation in this court, arose from the issuance of deficiency notices by the appellee against the taxpayer appellants. In these notices, appellee determined that all three taxpayers (a fourth is a party to case No. 15428 solely because she participated in a joint return) were liable for additional income taxes for the calendar years 1956, 1957 and 1958.
 
 
 5
 The record discloses that in 1945 Moughon and Cunningham (hereinafter referred to as the individual taxpayers) entered into a written partnership agreement under which each owned one-half of the partnership assets, became entitled to one-half of the net profits or would each share one-half of any losses suffered. This relationship continued until 1955 when, largely because of the ill health of one of the partners and their desire to insure the continuity of the business, Martin A. Hayes & Co., Inc. (hereinafter referred to as the corporate taxpayer) was organized. As was the case with the partnership, the purpose of the corporation was to conduct a general insurance business. At the time of the incorporation, the individuals transferred tangible assets of a value of $10,000 to the newly formed corporation and further transferred to it an intangible item capitalized on the corporation's books at a value of $306,000. This item, listed as goodwill, represented the name "Martin A. Hayes & Co.," the contracts with insurance carriers, and the customers lists and other records of the partnership. Although this item had not been carried on the books of the partnership, the valuation was arrived at by capitalizing the average earnings of the partnership for the past three or four years at a rate of 1½%. This was shown to be a proper method of establishing such valuation in the vicinity and appellee concedes the figure to represent the fair market value of the good will and other intangibles transferred to the corporation.
 
 
 6
 Against this total capitalization of $316,000 for the tangible and intangible assets transferred by them, securities in equal amounts were issued to the two individual taxpayers. These securities included $150,000 in stock (with which we are not here concerned), and debentures bearing a face value of $166,000. By their terms these debentures bore interest at the rate of 6% per annum. Such interest was paid during the tax years in question, and a deduction for the interest so paid was taken by the corporate defendant in its returns for these years. The disallowance of those deductions by the appellee was the basis of the deficiency notice served on the corporate taxpayer. The determination of deficiency as to the individual taxpayers grows primarily from appellee's inclusion, as additional items of dividend income, sums paid to them by the corporate appellant in retirement of certain of said debenture bonds.[1] The sums received by the individual taxpayers as interest on the debentures was returned by them as interest, but was determined by the appellee to have constituted dividend income to them.
 
 
 7
 The taxpayer-appellants filed petitions in the Tax Court of the United States for redetermination and that court determined that there were deficiencies in each case for each of the taxable years as had been determined by the appellee. The cases are now before this court on petitions for review.
 
 
 8
 Section 163(a) of the Internal Revenue Code of 1954 provides: "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." As stated by it, the ultimate finding of the Tax Court and that which creates the basic issue presented here is that "The debentures issued by the corporation to [the individual taxpayers] did not represent indebtedness of the corporation within the meaning of Section 163(a). * * *" The Tax Court found that the instruments met the formal criteria of indebtedness, being denominated "debentures," containing an unconditional promise to pay a sum certain at a fixed maturity date, having a fixed interest rate and not being subordinated to general creditors. However, that the substance of a transaction rather than its form controls tax consequences need no longer be debated (Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945), Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935), Consumers Credit Rural Electric Cooperative Corp. v. Commissioner, 319 F. 2d 475 (6th Cir. 1963)), and the burden of proving that for tax purposes these debentures were evidences of debt rested on the taxpayers in the Tax Court (Charter Wire, Inc. v. United States, 309 F.2d 878 (7th Cir. 1962)).
 
 
 9
 At the time of the incorporation, in spite of its possession of assets amounting to $316,000, it was necessary for the individual taxpayers to loan the corporation an additional $20,000 for operating purposes, and these advances were evidenced by demand notes in the amount of $10,000 each given to the individual taxpayers. These notes have been paid off and no objection was made to the deduction of the interest paid on them by the corporation in its returns. The circumstances surrounding these two $10,000 cash loans are in marked contrast to those incident to the issuance of the $166,000 in debentures here at issue. The former were payable on demand, whereas the latter did not by their terms mature for twenty years. Conceding that full value was given for both forms of securities, the fact remains that no sinking fund was provided from which to retire the twenty year obligations (See Charter Wire, Inc. v. United States, 309 F.2d 878 (7th Cir. 1962)), and that payment was not provided to be accelerated in the event of default. Even though periods of prosperity might be enjoyed prior to the 1975 maturity date, no assurance was given of any accumulation of funds for retirement. Full repayment of the debentures is thus seen to be totally dependent on the continuation of corporate earnings and this circumstance affords support for the Tax Court's determination that the consideration for them constituted contributions of equity, or risk, capital rather than loans. In holding as it did, the Tax Court declined to find that the individual taxpayers had sustained the burden of showing that they had made a loan in the amount of $166,000 to a corporation possessed of tangible assets with a value of $10,000, and that the debentures were evidence of such an indebtedness.
 
 
 10
 This and other courts have established the principle that while numerous criteria may exist as guide lines helpful in making the final factual determination as to the true character for tax purposes of a transaction, no single factor can be decisive. Gooding Amusement Co. v. Commissioner, 236 F.2d 159 (6th Cir. 1956), Consumers Credit Rural Electric Cooperative Corp. v. Commissioner, 319 F.2d 475 (6th Cir. 1963). See also Gilbert v. Commissioner, 248 F.2d 399 (2nd Cir. 1957), affirmed 262 F.2d 512 (2nd Cir. 1959), cert. denied 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030. The determination as to whether for purposes of the section of the Internal Revenue Code of 1954 here under consideration the debentures constituted evidences of an indebtedness was one to be made by the Tax Court in the light of all of the surrounding facts and circumstances, and in view of the record before us it cannot be said that its determination was clearly erroneous.
 
 
 11
 It will be readily apparent that the line of reasoning adopted by the Tax Court has equal application in the case of the individual taxpayers and that of the corporate taxpayer. Had the debenture bonds been found to be evidences of debt within the meaning of Section 163(a) the "interest" payments thereon would have been deductible by the corporate taxpayer, and sums paid by it to the individual taxpayers in retirement of certain debentures would afford a proper basis of capital gains in their returns. However, a determination upon the basis of sufficient evidence having been made by the Tax Court, it must follow that the corporate taxpayer is not entitled to the deduction, and that the individual taxpayers must return the retirement payments as dividend income.
 
 
 12
 In accordance with the foregoing, it is concluded that the judgment of the Tax Court is affirmed in each of the three consolidated cases.
 
 
 
 Notes:
 
 
 [1]
 The individual taxpayers, stating the omission from their returns to have been one of inadvertence, concede that the sums so received should have been returned, but contend that they should have formed the basis of capital gains