Earnest B. Watson v. Commissioner.
Watson v. Commissioner
Docket No. 3056-63.
United States Tax Court
T.C. Memo 1964-155; 1964 Tax Ct. Memo LEXIS 181; 23 T.C.M. (CCH) 927; T.C.M. (RIA) 64155; June 5, 1964
*181 Edward E. Pigg, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined deficiencies in income tax and additions to tax under section 6653(b) of the Internal Revenue Code of 1954 against the petitioner as follows: Addition to Tax
Year
Deficiency
Section 6653(b)
1958
$7,775.59
$3,887.80
1959
6,482.98
3,241.49
Petitioner, who resides at 536 North Main Street, Brookfield, Missouri, and his wife, Rosetta Alma Watson, filed joint Federal income tax returns for the years 1958 and 1959 with the district director of internal revenue at Wichita, Kansas. This case was called for trial on May 18, 1964, at the Kansas City session of the Court. At that time respondent's counsel stated that he thought a satisfactory basis of settlement had been reached with counsel for petitioner. However, the Court was advised on May 21, 1964, that petitioner had instructed his attorney not to sign the settlement stipulation. There was no appearance by or on behalf of petitioner and no evidence or argument was presented on his behalf. On August 19, 1963, respondent filed his answer to the petition in this *182 proceeding. The answer contained specific facts upon which respondent relies to sustain fraud in respect of which the burden of proof is placed on him by statute. On November 4, 1963, respondent filed, pursuant to Rule 18 of this Court, a Motion for Order That Undenied Affirmative Allegations in Respondent's Answer be Deemed to be Admitted. Upon due notice of hearing, this Court, on December 4, 1963, entered an order granting respondent's motion. The facts taken as admitted under our order of December 4, 1963, establish the omission by petitioner from his tax returns for the years 1958 and 1959 of additional income received from larceny. The understatement of adjusted gross income was $26,103.74 in 1958 and $22,884.47 in 1959. Petitioner reported taxable income in the respective amounts of $487.98 and $88.95. As to the deficiencies in income tax, upon a motion duly filed by respondent, the proceeding must be dismissed for lack of prosecution, and decision will be entered for respondent in the amounts of $7,775.59 for 1958 and $6,482.98 for 1959. Respondent also moved for decision on the fraud issue. Affirmative allegations in the answer deemed admitted, by an order of this Court *183 pursuant to Rule 18, because of petitioner's failure to reply after due notice, satisfy the respondent's burden of proof on the fraud issue. Louis Morris, 30 T.C. 928 (1958); and Robert Kenneth Black, 19 T.C. 474 (1952). The facts taken as admitted in this proceeding present undisputed as well as clear and convincing evidence of fraud. Accordingly, we find that respondent has met his burden of proving fraud, and decision will be entered for him for additions to tax under section 6653(b) in the respective amounts of $3,887.80 and $3,241.49. Decision will be entered for the respondent.