George T. SMITH and Clela V. Smith,
Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 16632.

United States Court of Appeals
Sixth Circuit.

Dec. 7, 1966.

Benjamin O. Schwendener, Jr., Lan-
sing, Mich. (Foster, Campbell, Lindemer
& McGurrin, by James A. White, Lan-
sing, Mich., on the brief), for petitioners.

Jerome Chapman, Dept. of Justice,
Washington, D. C. (Richard M. Roberts,
Acting Asst. Atty. Gen., Meyer Roth-
wacks, David O. Walter, Edward Heil-
bronner, Attys., Dept. of Justice, Wash-
ington, D. C., on the brief), for respond-
ent.

Before PHILLIPS, CELEBREZZE
and PECK, Circuit Judges.

PECK, Circuit Judge.

The respondent having declared a de-
ficiency to be due on the petitioners' *
Federal Income Tax Return for the year
1957, this action was filed to prevent
its collection. In that return, a deduc-
tion for alleged bad debts claimed to

---

* Petitioners-Appellants filed a joint return
as husband and wife. Since the issues
raised arise solely from the activities of
the husband, the singular will be here-
inafter used when referring to the tax-
payers seeking relief.

have become worthless during the taxable year was claimed under the provisions of 26 U.S.C. § 166. Subparagraph (a) (1) provides for the deduction of any debt becoming worthless within the taxable year, but subparagraph (d) (1) (A) makes the former section inapplicable to non-business debts in the case of a taxpayer other than a corporation; the following provision ((B)) provides that loss resulting from a non-business debt of a non-corporate taxpayer becoming worthless within a taxable year is to be considered a short term capital loss. A non-business debt is then defined (§ 166(d) (2) (A)) as one not created in connection with taxpayer's trade or business and ((B)) not one in which the worthlessness was incurred in his trade or business.

The deficiency here assessed for the year 1957 is in the sum of $28,442.72, based upon respondent's disallowance of a claimed business bad debt deduction in the sum of $51,380.98. That claimed bad debt represents the balance owing taxpayer George T. Smith by George T. Smith, Inc. for advances made by the individual to the corporation in the years 1950, 1951, and 1952. The corporation was dissolved in December, 1957, and respondent does not dispute the fact that the advances became worthless at that time. Petitioner's evidence established that although he had completed only eight years of school, he progressed through a number of businesses in food merchandising, silver fox fur farming, real estate operations, with emphasis in oil property leaseholds, residential construction, business counseling and other more or less associated activities. One of a number of the corporate entities which petitioner used in the operation of his various undertakings was the aforementioned George T. Smith, Inc., which was organized as a Michigan corporation in 1949 for the purpose of marketing grocery store supermarket check-out counters. Taxpayer acquired 80% of its issued stock in 1950 and the remaining 20% in 1952. He was president and treasurer of the corporation and his son vice-president. Smith, Inc. having tried unsuccessfully to borrow money directly, petitioner borrowed funds which were deposited in the corporate bank account and which were carried on its books as "Advances from Officers." The record discloses the following analysis of advances made by taxpayer to the corporation and of repayments made:

| Year | Advances from the taxpayer to Smith, Inc. | Repayments to the taxpayer from Smith, Inc. | Balance due to the taxpayer |
|---|---|---|---|
| 1950 | $134,100.00 | $46,000.00 | $ 88,100.00 |
| 1951 | 82,850.00 | 65,500.00 | 105,450.00 |
| 1952 | 10,000.00 | 19,500.00 | 95,950.00 |
| 1953 | —— | 14,000.00 | 81,950.00 |
| 1954 | —— | —— | 81,950.00 |
| 1955 | —— | 4,000.00 | 77,950.00 |
| 1956 | —— | 2,500.00 | 75,450.00 |
| 1957 | $ 500.00 | 23,684.34 | 52,265.66 |

The business of the corporation was not successful, and as stated earlier the corporation was dissolved in December of 1957. The amount of petitioner's alleged bad debt was arrived at by deducting from the final balance above shown due the value of an account receivable in the sum of $884.68 which was transferred to him. In addition to the deduction here in controversy, taxpayer also

reported a $10,000 long-term capital loss from his George T. Smith, Inc., worthless stock.

■ While counsel for petitioner lists several subsidiary questions the controlling issue presented under the law and facts is whether the advances above outlined constituted business loans upon which a bad debt deduction could be taken in full from ordinary income under the provisions of 26 U.S.C. 166(a). Inherent within the philosophy and structure of the income tax law is the proposition that all income is to be taxed unless it falls within a specific exemption, and if a taxpayer makes a deduction from income he must indicate the specific statutory authority for that deduction. McDonald v. Commissioner of Internal Revenue, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68 (1944); Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416 (1940). It is equally well established that when such a deduction is claimed, the substance of the transaction, rather than its form, is controlling. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935); Foresun, Inc. v. Commissioner of Internal Revenue, 348 F.2d 1006 (6th Cir. 1965); Gooding Amusement Co. v. Commissioner of Internal Revenue, 236 F.2d 159 (6th Cir. 1956), cert. denied, 352 U.S. 1031, 77 S.Ct. 595, 1 L.Ed.2d 599 (1957). In addition to indicating the specific law under which he claims a deduction, where as here a taxpayer is attempting to establish that an advance is a true loan and not a contribution to capital the burden of doing so is upon him. Moughon v. Commissioner of Internal Revenue, 329 F.2d 399 (6th Cir. 1964); Wood Preserving Corp. of Baltimore v. United States, 347 F.2d 117 (4th Cir. 1965); Charter Wire, Inc. v. United States, 309 F.2d 878 (7th Cir. 1962), cert. denied 372 U.S. 965, 83 S.Ct. 1090, 10 L.Ed.2d 129 (1963).

■ In determining whether the taxpayer has sustained the burden of establishing that a true loan and not a contribution to capital was intended when an advance has been made, a number of factors or tests must be taken into consideration. These include the presence or absence of a maturity date of the obligation, the name given to the writing (if any) evidencing the claimed obligation, the source of payments and repayments, the adequacy or inadequacy of capitalization, identity (or lack of identity) of interest between creditor and stockholder, the corporation's ability to obtain financing from independent lending institutions, and the timing of the advance with reference to the organization of the corporation. See Foresun, Inc. v. Commissioner of Internal Revenue, supra; O. H. Kruse Grain and Milling v. Commissioner of Internal Revenue, 279 F.2d 123 (9th Cir. 1960); Gilbert v. Commissioner of Internal Revenue, 248 F.2d 399 (2d Cir. 1957), on remand decided January 23, 1958 (P-H Memo. T.C., par. 58,008), aff'd, 262 F.2d 512, cert. denied, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959). No single factor is controlling. John Kelly Co. v. Commissioner of Internal Revenue, 326 U.S. 521, 66 S.Ct. 299, 90 L.Ed. 278 (1946).

■ In the present situation the parties are in agreement as to the controlling nature of the real intention of the parties in determining whether a genuine debtor-creditor relationship existed between taxpayer and his corporation. In this regard, in urging their respective positions counsel for the parties to a large extent cited and relied on the same cases, altering the emphasis and attempting distinctions as their respective positions required. After a similar recognition of the problem and determinative factors and tests, the Tax Court reached the conclusion that "The advances made by petitioner to George T. Smith, Inc., * * * were placed at the risk of the business and constituted equity capital." Sufficient evidence existing in the record to form a basis for this determination, which is here found to be not clearly erroneous, it will not be disturbed by this court. Whipple v. Commissioner of Internal Revenue, 373 U.S. 193, 203–204, 83 S.Ct. 1168, 10 L.Ed.2d 288 (1963). This conclusion makes unnecessary con-

sideration as to the further determination of the Tax Court that the petitioner was not in the business of organizing, promoting, managing, or financing businesses.

The order of the Tax Court is affirmed.