Jack P. STANTON and Virginia G. Stanton, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 25432.

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1968.

Jack P. Stanton, Houston, Tex., pro se.

Mitchell Rogovin, Asst.Atty.Gen., Lee A. Jackson, Richard C. Pugh, William A. Friedlander, Kenneth L. Gross, Frank X. Gross, Attys., Dept. of Justice, Washington, D. C., Lester R. Uretz, Chief Counsel, I.R.S., Ronald R. Cresswell, Atty., I.R.S., Washington, D. C., for respondent.

Before COLEMAN and GODBOLD, Circuit Judges, and RUBIN, District Judge.

RUBIN, District Judge:

A taxpayer appearing in his own behalf, who has struggled unsuccessfully with the Commissioner of Internal Revenue, seeks review of a Tax Court decision denying him and his wife the right to deduct expenses incurred by them in 1962 and 1963 while seeking to perfect the invention of a storm proof boat. The amounts involved are not large,[1] but the taxpayer considers that the issues present questions of major economic significance, and he thinks that a correct decision can be reached only if the case is remanded to the Tax Court. Although we consider the taxpayer conscientious in his convictions, we find that he is mistaken in his understanding of the legal principles applicable to his case, and we affirm the decision of the Tax Court.

The taxpayer challenges a number of the findings of fact made by the Tax Court, urges that they are in error, and requests an opportunity to produce evidence to correct them. Part of the error, he contends, results from the fact that the government's brief was not filed until after the hearing in the Tax Court was completed and, until then, he was not aware of the assumptions on which the government was proceeding, hence had no opportunity to correct them.

But even if Mr. Stanton could prove that the Tax Court was wrong in all of the factual determinations that he sets forth in his brief, he could not prevail. Mr. Stanton claims that he has been engaged in inventing things and in thinking about possible inventions for over 25 years; he was "serious" in his efforts to develop and exploit the "Storm Safe" boat and other inventions; his work on the boat was not a hobby; he was employed as an inventor for one of his employers and received a total of $107 from two employers as awards for inventions, in addition to his salary; he received a salary and stock from other companies for his work as an officer or employee and this work included the work of inventing; he and his wife are the sole stockholders of a company that not only manufactures and markets chemicals but also does research, development and inventing; over the years he has listed many inventive ideas in a notebook from time to time and several of these were later developed by others (on their own initiative) as inventors; his boat is based on a truly inventive idea; and the only reason he has not applied for a patent on it is that the project is still incomplete. He concludes that these facts would show that he is in "the continuing business of exploiting * * * research, development and inventive capabilities for personal gain." He contends that the expenses incurred on the boat "constitute research and development in a continuing business endeavor of inventing-for-profit."

The Internal Revenue Code imposes a tax on "all income from whatever source derived." Section 61, Internal Revenue Code of 1954; 26 U.S.C.A. § 61. It allows "as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." Section 162, Internal Revenue Code of 1954; 26 U.S.C.A. § 162. Therefore, a taxpayer may not deduct expenses merely because they are incurred in the hope of gain; he may deduct against his ordinary income only those expenses that the Internal Revenue Code allows him to

---

1. The tax deficiency was $99.60 in 1960 and $1,154.82 in 1962.

deduct.[2] Prior to 1954, it had been held that the costs incurred in inventing new products and in developing new ideas were capital expenditures.[3] Hence they could not be deducted from ordinary income as "expenses paid or incurred * * * in carrying on any trade or business." The inventor could use them only to offset income from the invention if and when he received such income.

When the Internal Revenue Code of 1954 was adopted, it included a new provision dealing with the costs incurred in research and experimental expenditures. This was intended to change existing law so as to provide incentive for experimentation and invention. 100 Cong. Rec. 3425 (1954). However, in order for a taxpayer to obtain the benefit of this section, he must show that he meets its requirements.

Insofar as it is pertinent here, Section 174 provides:

"A taxpayer may treat research or experimental expenditures which are paid or incurred by him * * * in connection with his trade or business as expenses which are not chargeable to capital account."

The sums paid by the taxpayers in an effort to develop their boat are clearly embraced in the term "research or experimental expenditures." The regulations adopted by the Treasury Department state:

"The term includes generally all such costs incident to the development of an experimental or pilot model, a plant process, a product, a formula, an invention, or similar property, and the improvement of already existing property of the type mentioned." Treas. Reg. § 1.174–2(a) (1).

But the statute permits such expenditures to be deducted only if they are "incurred * * * in connection with [the taxpayer's] trade or business."

The Internal Revenue Code does not contain a definition of what constitutes a "trade or business."[4] But the United States Supreme Court has held that the question of whether the taxpayer is engaged in a trade or business is one of fact. Higgins v. Commissioner of Internal Revenue, 1941, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783.

The conduct of a trade or business necessarily implies that the businessman seeks to make a profit. As Judge Lumbard stated in Lamont v. Commissioner of Internal Revenue, 2 Cir., 1964, 339 F.2d 377, 380:

"While the expectation of profit need not be a reasonable one, and the business need not realize an immediate profit, the activities must be entered

2. E.g., New Colonial Ice Co. v. Helvering, 1934, 292 U.S. 435, 54 S.Ct. 788, 78 L. Ed. 1348; Edwards v. Phillips, 10 Cir., 1967, 373 F.2d 616; Smith v. Commissioner of Internal Revenue, 6 Cir., 1966, 370 F.2d 178. It is not relevant here to inquire about the constitutional limitations, if any, on taxing gross income as if it were net income. In this regard see, e.g., Green Lawn Memorial Park, Inc. v. McDonald, M.D.Pa., 1958, 164 F. Supp. 438, aff'd, 3 Cir., 1959, 262 F.2d 588; Safe Deposit & Trust Co. of Baltimore v. Magruder, D.Md., 1940, 34 F. Supp. 199, rev'd on other grounds, 4 Cir., 1941, 121 F.2d 981. See also Commissioner of Internal Revenue v. Weisman, 1 Cir., 1952, 197 F.2d 221, 224–226 (Magruder, C. J., concurring); Sullenger v. Commissioner, 1948, 11 T.C. 1076.

3. E.g., Hart-Bartlett-Sturtevant Grain Co. v. Commissioner of Internal Revenue, 8 Cir., 1950, 182 F.2d 153; Dempster Mill Mfg. Co. v. Burnet, 1931, 60 App.D.C. 23, 46 F.2d 604.
   Under present law, "[r]esearch or experimental expenditures which are neither treated as expenses nor deferred and amortized * * * must be charged to capital account." Treas.Reg. § 1.174–1.

4. The definitions in Sections 1402(c), relating to net income derived from self-employment, and in § 7701(a) (26), relating to inclusion of public office holding as a trade or business, are not pertinent here.

into and carried out in good faith for the purpose of making a profit."

Although the taxpayer's stated intent is to be considered "in determining [the] subjective question [of intent], his overt actions and efforts to make the activities profitable are often more convincing to the trier of the facts." Myron E. Cherry, 1967, 26 T.C.M. 557, 561.

■ However, "[t]he phrase 'trade or business' [as used in the Tax Code] connotes something more than an act or course of activity engaged in for profit. * * * The phrase * * * must refer not merely to Acts engaged in for profit, but to extensive activity over a substantial period of time during which the Taxpayer holds himself out as selling goods or services." McDowell v. Ribicoff, 3 Cir., 1961, 292 F.2d 174, 178 (Biggs, C.J.). A taxpayer can show that his activities are a "business" by demonstrating that he devotes a substantial portion of his time to the activities, Austin v. Commissioner, 1960, 35 T.C. 221, aff'd, 2 Cir., 1962, 298 F.2d 583, or that there has been extensive or repeated activity over a substantial period of time, Wright v. Commissioner, 1959, 31 T.C. 1264, aff'd, 6 Cir., 1960, 274 F.2d 883.

■ The phrase "trade or business" presupposes an existing trade or business. Koons v. Commissioner, 1961, 35 T.C. 1092, 1101; Frank v. Commissioner, 1953, 20 T.C. 511, 514. Thus, expenditures incurred in investigating a potential new trade or business or in preparation for the possibility of entering into a new trade or business have been held not to have been incurred in connection with a trade or business so as to be deductible in computing taxable income. Frank v. Commissioner, supra; 4A Mertens, Law of Federal Income Taxation, § 25.08, p. 34; *cf.* McDonald v. Commissioner of Internal Revenue, 1944, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68. See generally Fleischer, The Tax Treatment of Expenses Incurred in Investigation for a Business or Capital Investment, 14 Tax L.Rev. 567 (1959).

A taxpayer can doubtless engage in the trade or business of doing research and experimentation. There is no inherent reason why inventing new products may not be as much a trade or business as manufacturing, selling, and improving existing products. The question, however, is not merely one of determining whether, as Mr. Stanton says, he was interested in inventing so that he could make money; it is one of determining whether he was engaged in the trade or business of inventing.

It has been recognized that this limitation in the statute "does have serious implications in the case of the amateur inventor and the independent financier." BNA Tax Management Portfolio, Research and Development Expenses, p. 7. Several cases have held that individuals whose activities were similar to Mr. Stanton's were not engaged in a trade or business. See, e.g., under prior law, Beach v. Shaughnessy, N.D.N.Y., 1954, 126 F.Supp. 771; and under The Internal Revenue Code of 1954, Best Universal Lock Co. v. Commissioner, 1965, 45 T.C. 1. See also Mayrath v. Commissioner, 1964, 41 T.C. 582, aff'd, 5 Cir., 1966, 357 F.2d 209; Schafer v. Commissioner, 1964, 23 T.C.M. 927; Scull v. Commissioner, 1964, 23 T.C.M. 1353. But see Reiner v. Commissioner, 1965, 24 T.C.M. 1005.

■ Taking into account all that Mr. Stanton urges, the expenditures paid by the taxpayers in 1962 and 1963 were not incurred in connection with a trade or business. Mr. Stanton's inventive efforts in the past as a salaried employee of a corporation do not make inventing his business. His employer's trade or business may have been inventing, but Mr. Stanton's occupation (or "business") was being a corporate employee or executive. *Cf.* Industrial Research Products, Inc. v. Commissioner, 1963, 40 T.C. 578. His efforts as an inventor were doubtless inspired by the hope of profit, but they lacked that degree of continuity and regularity that is essential before an activity can be found to constitute a trade or business. Mc-

Dowell v. Ribicoff, supra. This does not mean that a business must produce a profit; an inventor may do business at a loss, like any other businessman. Nor does it mean that an individual may have only one trade or business: he may have several at the same time. But Mr. Stanton's activities with respect to his boat in 1962 and 1963 did not entail the amount of time and effort that would make inventing his trade in those years.

Nor were Mr. Stanton's activities in prior years sufficient to alter the matter. His efforts, spread over a period of 25 years, were irregular and sporadic. His revenue was negligible. Although inventiveness may have played a large part in his life and in his aspirations, inventing was not his trade.

The government's brief points out that, if Mr. Stanton's invention ever becomes marketable, he may decide to take his economic reward in the form of a sale of the rights in the boat (whether as a patent or otherwise) at capital gain rates. This suggests at least one reason why Section 174 allows expenditures to be deducted only if they are incurred in connection with a going business. *Cf.* Alphaco, Inc. v. Nelson, 7 Cir., 1967, 385 F.2d 244, 245; Spangler v. Commissioner of Internal Revenue, 9 Cir., 1963, 323 F.2d 913, 918; Munson v. McGinnes, 3 Cir., 1960, 283 F.2d 333, 337.

The taxpayers' real argument is with the policy adopted by Congress. Their brief says, "The law makers failed to contemplate the special problems of independent researchers in the profession of inventing for profit. * * *" If the Tax Court ruling is sustained, it will be "very discouraging to independent research and inventing." Both of these observations may be true; but, absent constitutional issues, it is the duty of the courts to apply the tax statutes in accordance with the words and intentions of Congress. If there is to be a change in national tax policy designed to encourage inventors-for-profit by making their expenditures tax deductible whether or not they are engaged in a trade or business, this change must come from Congress.

■ Hence, we think that the Tax Court's determination was correct. However, in order that this opinion may not be misunderstood, we mention also that we would be obliged to affirm the Tax Court's determination even if we thought the facts pointed to a different conclusion since it has substantial support in the record.

"The question of whether the taxpayer is engaged in a trade or business is one of fact, Higgins v. Commissioner [of Internal Revenue], 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783 (1941), and the lower court's finding on this question will not be disturbed unless clearly erroneous. Loco Realty Company v. Commissioner of Internal Revenue, 306 F.2d 207 (8th Cir. 1962)." Mayrath v. Commissioner of Internal Revenue, 5 Cir., 1966, 357 F.2d 209, 212–213.

The decision of the Tax Court is therefore

Affirmed.