**Robert F. MALONEY, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare.**

No. 14595.

United States Court of Appeals
Third Circuit.

Argued Feb. 7, 1964.

Decided Oct. 9, 1964.

Thomas L. Wentling, Pittsburgh, Pa.
(John R. Holland, Patterson, Crawford,
Arensberg & Dunn, Pittsburgh, Pa., on
the brief), for appellant.

Marilyn S. Talcott, Dept. of Justice
(Appellate Sec., Civil Div.), Washington,
D. C. (John W. Douglas, Asst. Atty. Gen.,
Gustave Diamond, U. S. Atty., Morton
Hollander, Attorney, Department of Jus-
tice, Washington, D. C., on the brief),
for appellee.

Before McLAUGHLIN, GANEY and
SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This action to review a final decision of
the appellee, brought by the appellant
pursuant to § 205(g) of the Social Se-
curity Act, 42 U.S.C.A. § 405(g), came
before the court below on the usual cross-
motions for summary judgment. After
hearing, and upon a review of the record
in its entirety, the court below sustained
the motion of the appellee and entered
judgment accordingly. The present ap-
peal followed.

The appellant, joined by his wife, and
alleging that he had been self-employed
during the critical period prior to 1958,
filed a claim for old age insurance bene-
fits allegedly due and payable under the
pertinent provisions of § 202 of the Act,
42 U.S.C.A. § 402. On the basis of the
evidence presented before a Hearing Ex-
aminer, as to which there is no genuine
dispute, the appellee found that during
the critical period the appellant's sole
income was derived from the operation
and management of an office building and
that this income constituted rentals from
real estate and was therefore not in-
cludable in the computation of net earn-
ings from self-employment under § 211
(a) (1) of the Act, 42 U.S.C.A. § 411(a)
(1).

The appellee held that under the cir-
cumstances the appellant lacked the mini-
mum six quarters of coverage prerequi-
site to his status as a "fully insured in-
dividual," within the meaning of § 214
(a) (1) of the Act, 42 U.S.C.A. § 414(a)
(1), and was therefore ineligible for old
age insurance benefits. The holding and
the factual determination upon which it

rests are here challenged, as they were in the court below, as erroneous.

The scope of review authorized by the Act is limited by § 205(g) thereof, supra, which provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." This statutory rule of finality extends not only to the basic evidentiary facts but also to the inferences of which such facts are reasonably susceptible. Boyd v. Folsom, 257 F.2d 778, 781 (3rd Cir. 1958); Ferenz v. Folsom, 237 F.2d 46, 49 (3rd Cir. 1956), cert. den. 352 U.S. 1006, 77 S.Ct. 569, 1 L.Ed.2d 551; Adams v. Flemming, 276 F.2d 901, 903 (2nd Cir. 1960); Carqueville v. Flemming, 263 F.2d 875, 877 (7th Cir. 1959); Rosewall v. Folsom, 239 F.2d 724, 728 (7th Cir. 1957). The only questions open for determination on review are whether on the record as a whole there is substantial evidence to support the factual determinations made by the Secretary and whether his ultimate decision has a reasonable basis in the law. Ibid.

Section 211 of the Act, supra, provides in pertinent part as follows: "(a) The term 'net earnings from self-employment' means the gross income * * * derived by an individual from any trade or business carried on by such individual * * * ; except that in computing such gross income * * * (1) There shall be excluded rentals from real estate * * unless such rentals are received in the course of a trade or business as a real estate dealer." Since the appellant was admittedly not a "real estate dealer" he was not eligible for old age insurance benefits under the Act if, as found by the appellee, his sole income during the critical period constituted "rentals from real estate."

The appellant's sole income during the critical period prior to 1958, except for certain income from investments, was derived from the operation and management of an eight story building the title to which was acquired by his wife in 1912 under the will of her father. At the time of its acquisition the building was a warehouse but after extensive alterations, undertaken in 1921, was converted into a modern office building. Thereafter the appellant assumed full responsibility for the management and operation of the building and for all intents and purposes treated it and the income therefrom as his own. From 1921 to 1958, the appellant reported the gross rental income as his own for income tax purposes, and from 1954 through 1957 reported the net income as subject to the self-employment tax. On the basis of these facts, and others more fully detailed in the record, the appellee found that the appellant had an ownership interest in the building and was not an employee. This finding is not disputed.

The appellant here maintains, as he has throughout the proceedings, that in addition to the services usually and customarily rendered in connection with the operation of a modern office building, he furnished services to the individual tenants. He argues that these services were primarily for the convenience of the tenant and were of such a nature as to place his net income beyond the scope and application of the exclusionary provision of § 211(a) (1), supra. The appellant, in support of his argument, cites § 404.1052(a) (3) of the Regulations, 42 U.S.C.A., App., 20 C.F.R 404.-1052(a) (3).

According to the contention of the appellant, the additional services included the following: janitorial work within the offices, including the daily removal of trash; installation and servicing of water coolers and air-conditioning equipment; installation, alteration and repair of partitions; installation and repair of lighting fixtures and related equipment; and, night elevator service. These services were clearly of the type usually and customarily furnished in connection with the efficient operation of a modern office building. These services were not such as to change the essential character of the appellant's income as "rentals from real estate," within the meaning of the exclusion clause.

We have considered the appellant's alternative argument, which rests primarily upon § 2 of the Real Estate Brokers License Act of Pennsylvania, 63 P.S. § 432. The argument is clearly without merit. The appellant's eligibility for old age insurance benefits must be determined under the pertinent provisions of the Act and without resort to local statutes.

The judgment of the court below will be affirmed.