FRANK STEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stein v. Commissioner
Docket No. 31566-81.
United States Tax Court
T.C. Memo 1984-403; 1984 Tax Ct. Memo LEXIS 264; 48 T.C.M. (CCH) 724; T.C.M. (RIA) 84403; August 1, 1984. Frank Stein, pro se. Russell K. Stewart, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $775.07 in petitioner's Federal income tax for his 1978 taxable year. After concessions, the specific issue for our consideration is whether Mr. Stein is entitled to the zero-bracket amount (standard deduction) in addition to itemized deductions. All of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Frank Stein was a resident of Ardmore, Pennsylvania at the time of the filing of the instant petition. He timely filed a Federal income tax return for his 1978 tax- On November 25, 1981, a notice of deficiency was issued to petitioner. Respondent determined therein that there was a deficiency of $775.07 in Mr. Stein's Federal income tax for his *266 1978 taxable year. Of that amount, petitioner disputes only $703.86. Petitioner has conceded that he received both the unreported dividend and gambling income determined by respondent in the total amount of $2,814.93. In computing the deficiency, respondent allowed petitioner itemized deductions for sales tax of $175, gambling losses of $2,605 and an allowance for two personal exemptions. There is no dispute over the facts in this case. Rather, petitioner disputes only the method of respondent's computation of his taxable income. As noted, petitioner has conceded that he failed to report gambling income and dividend income totalling $2814.93 on his 1978 Federal income tax return. Respondent redetermined Mr. Stein's taxable income by allowing itemized deductions consisting of a $2,605 gambling loss and a $175 sales tax deduction in lieu of the $2,200 zero bracket amount. Section 63(d)(2). [1]
The law is clear that income from gambling is includable in gross income. Section 61. Moreover, gambling losses are deductible only to the extent of the *267 taxpayer's winnings from similar transactions. Section 165(d); section 1.165-10, Income Tax Regs.; Offutt v. Commissioner,16 T.C. 1214 (1951). Petitioner's confusion arises from his mistaken belief that his gambling losses should be netted against his gambling winnings and that only any excess winnings should be includable in gross income. [2] Unfortunately for petitioner, that is not the law. If a taxpayer is engaged in the trade or business of gambling, gambling losses are deductible from gross income in computing adjusted gross income under section 62. Ditunno v. Commissioner,80 T.C. 362 (1983), [3] appeal dismissed (6th Cir., Sept. 13, 1983). However, losses of non-professional gamblers are deductible to the extent of gains only as itemized deductions on Schedule A of Form 1040. Petitioner has made no claim that he is a professional gambler and indeed the facts herein would not support such a claim. Accordingly, he is entitled to deduct his gambling losses only as itemized deductions. Section 63 which defines taxable income provides in relevant part: (b) INDIVIDUALS.--For purposes of this subtitle, in the case of an individual, the term *268 "taxable income" means adjusted gross income-- (1) reduced by the sum of-- (A) the excess itemized deductions, and (B) the deductions for personal exemptions provided by section 151 * * * * * * (c) EXCESS ITEMIZED DEDUCTIONS.--For purposes of this subtitle, the term "excess itemized deductions" means the excess (if any) of-- (1) the itemized deductions, over (2) the zero bracket amount. [4]
*269 In computing petitioner's taxable income in the instant case, respondent allowed itemized deductions totalling $2,780 and subtracted the zero bracket amount of $2,200 leaving $580 in excess itemized deductions in accordance with section 63(c). Clearly, petitioner is not entitled to reduce his adjusted gross income by both the zero bracket amount and his excess itemized deductions, since he has already been given the benefit of the zero bracket amount in the rate tables. Respondent's determination of the amount of the deficiency is sustained. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. Petitioner argued at trial that the racetrack should not have withheld Federal income tax on his gambling winnings because the return on his wages was less than 15 to 1 and that if the racetrack had not withheld any money this issue would not have risen (presumably because his failure to include such amounts in his gross income would not have been detected.) We decline comment on this rather brazen argument but note that while petitioner failed to claim his gambling winnings as income on his 1978 return, he did claim the amount withheld as a credit against tax due. ↩
3. In Ditunno v. Commissioner,80 T.C. 362 (1983) (Court reviewed), we rejected the proposition that to be engaged in a trade or business, one must hold himself out to others as offering goods or services. The United States Court of Appeals for the Second Circuit subsequently disapproved the position we adopted in Ditunno.Gajewski v. Commissioner,723 F.2d 1062 (2d Cir. 1983), revg. and remanding a Memorandum Opinion of this Court. However, in a second Court-reviewed Opinion on this issue, we determined to adhere to our recently announced position in Ditunno.Groetzinger v. Commissioner,82 T.C. 793↩ (1984). 4. For 1977 and later taxable years, the standard deduction was replaced by the "zero bracket amount." In effect, the zero bracket amount is a flat amount standard deduction that has been built into the tax tables and the tax rate schedules by giving the lowest tax bracket a zero tax rate.↩