**Mary K. HOLLOHAN,**
**Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

**No. 85–5729.**

United States Court of Appeals,
Sixth Circuit.

Argued July 21, 1986.

Decided Oct. 10, 1986.

W. Roger Fry, Rendigs, Fry, Kiely, Dennis, Cincinnati, Ohio, Robert T. Hollohan (argued), Arlington, Va., for plaintiff-appellant.

John S. Osborn, III (argued), Asst. U.S. Atty., Lexington, Ky., for defendant-appellee.

Before WELLFORD and MILBURN, Circuit Judges, and DeMASCIO, District Judge.*

PER CURIAM.

Plaintiff Mary Hollohan appeals the district court's ruling that substantial evidence supported the Secretary's determination that plaintiff had not earned the neces-

* HONORABLE ROBERT E. DeMASCIO, United States District Court for the Eastern District of Michigan, sitting by designation.

sary "quarters of coverage" to be eligible for retirement insurance benefits under 42 U.S.C. § 402 (1982). The Secretary denied plaintiff's application initially and on reconsideration. In the district court, the judge adopted the recommendation of the magistrate to affirm the Secretary's denial of benefits. Plaintiff has appealed, claiming that the work in controversy constitutes a sufficient basis for her to be qualified for social security retirement benefits.

## I.

The significant facts have been set out by the Administrative Law Judge (ALJ) and are essentially undisputed, except the conclusion that plaintiff does not have sufficient qualifying quarters of covered employment to make her eligible for benefits:

> Claimant was born on April 11, 1915 and filed an application for retirement benefits on March 17, 1980. To qualify for retirement benefits, claimant needs 26 quarters of coverage. However, claimant has only 19 such quarters of coverage. Consequently, claimant's application was denied.
>
> In order to establish additional quarters of coverage, claimant filed amended tax returns for the years 1978, 1979 and 1980 in which she converted income from rental of an office building to income from self-employment. She then filed another application for retirement benefits on December 23, 1981 claiming additional quarters of coverage based on self-employment income during the years 1978, 1979 and 1980.
>
> The Administration denied claimant's December 1981 application upon initial and reconsidered determination. The Administration's reconsideration determination correctly points out that in order for an individual to have self-employment coverage under Social Security, she must be engaged in a trade or business (20 C.F.R. 404.1066).
>
> Upon appeal of the Administration's reconsideration determination, claimant does not specifically argue that her alleged self-employment income during the years 1978, 1979 and 1980 resulted from her engagement in a trade or business. Rather, claimant appears to argue that the nature of the services she performed in connection with certain rental property, irrespective of whether she was engaged in a trade or business, renders the income from such rental property self-employment income.
>
> A brief recitation of background information will be helpful. During the period 1972 through 1982, claimant leased a portion of a building to the United States government for use as an Army Recruiting Station. Claimant's lease with the government required her, *inter alia*, to clean the Recruiting office and toilet areas daily, to wax and buff floors monthly, to wash windows quarterly and to shampoo the carpet as needed. Claimant, together with one helper, spent one hour a day, each of five days per week completing daily cleaning requirements. During 1978 through 1980, claimant was not engaged in the cleaning business as a regular occupation. Moreover, claimant performed no cleaning services for any tenant or business other than the Recruiting Station. Finally, there is no evidence that claimant engaged in the business of selling real estate to customers for profit.

The ALJ considered the following summation of plaintiff's agreement and contention to be "beside the point":

> Claimant argues, in essence, that the cleaning services she daily performed due to the requirements of the lease are beyond the customary cleaning services performed by a landlord and, therefore, that the income derived from rental of the office space in question should be considered self-employment income. In support, claimant relies upon an excerpt from Section 404.1052(a)(3) of the Internal Revenue Regulations.

## II.

We must determine whether substantial evidence supports the Secretary's determination that plaintiff did not qualify for

benefits because she was not engaged in a "trade or business" as deemed by the Secretary to be required under the Act. Plaintiff argues that she is entitled to benefits because she performed cleaning services beyond the customary cleaning services performed by a landlord. Under the terms of the lease, plaintiff was responsible for providing certain services, such as cleaning bathrooms and washing windows. Plaintiff chose to perform these services personally together with a helper. She argues that the amount she saved by personally performing these services rather than paying someone else to do them is self-employment income within the meaning of the Act and the applicable regulations.

The ALJ found it unnecessary to reach the merits of plaintiff's argument. In order to qualify for retirement benefits, plaintiff needs twenty-six quarters of coverage. She claims she garnered the necessary coverage through what she characterized as maid service work in the office building she leased to the Army. The Social Security Act provides that qualifying "net earnings from self-employment" means income from "any trade or business." 42 U.S.C. § 411(a)(1) (1982). The Act further provides that rentals from real estate shall be excluded from being considered eligible employment unless received in the course of a trade or business. The ALJ held that plaintiff did not engage in a trade or business[1] of "providing cleaning services" and was not a real estate dealer, and therefore denied plaintiff retirement benefits.

Plaintiff asserts she did meet the requirements of being in a trade or business. She argues that she exchanged her labor for money with the required motivation for profit. She also claims to have performed the services regularly over "a period of years." Next, she contends that she held herself out to one customer, the Army, as carrying on a "trade or business." *See McDowell v. Ribicoff*, 292 F.2d 174 (3d

Cir.1961), *cert. denied*, 368 U.S. 919, 82 S.Ct. 240, 7 L.Ed.2d 135 (1961). The Secretary held that plaintiff was not in a trade or business because she held herself out to render services only with respect to one customer. One court has held at least in dictum that one customer is sufficient. *See Gajewski*, 723 F.2d at 1066. The fact that plaintiff purported to perform this service for only one customer—her lessee—is a factor to take into account in deciding whether one is engaged in a trade or business, but we do not adopt the defendant's argument that one cannot be engaged in a trade or business if working or rendering services for only one customer.

In *Delno v. Celebrezze*, 347 F.2d 159, 163–65 (9th Cir.1965), the court held that "such services as are required to maintain the [rented] space in condition for occupancy" should be considered rental income, not self-employment income. *Id.* at 163. At footnote eleven of that decision, quoting section 404.1502(a) and 20 C.F.R. § 404.-152(a)(2)(3) and (4), the general rule is stated:

> [S]ervices are considered rendered to the occupant if they are primarily for his convenience and are other than those usually and customarily rendered in connection with the rental of rooms or other space for occupancy only.

*Id.* at 164 n. 11. *Delno* turned on whether certain cleaning services and waste collection services rendered at regular intervals were required to maintain the property "in condition for occupancy."

The magistrate concluded, and the district court agreed, that the provision for cleaning service to the Army lessee in this case was "merely incident to the effective operation of the office building." He also concluded that the fact that plaintiff amended her tax returns so as to report the income in question and pay the tax thereon as self-employment income was not a significant factor. Both the magistrate and

---

1. The Act provides that the term "trade or business" when used with reference to net earnings from self-employment shall have the same meaning as used in section 162 of the I.R.C. of

1954. The Code, however, does not define "trade or business." Courts have followed a case by case approach. *See Gajewski v. C.I.R.*, 723 F.2d 1062, 1065 (2d Cir.1983).

the district court also concluded that Mrs. Hollohan did not establish that she was engaged in a separate trade or business.

Throughout the years of the Army lease, Mrs. Hollohan "was looking at the income as rentals, not self-employment," but she amended her income tax returns for the years 1978 to 1980 to claim $1600, $1646, and $1600, respectively, as self-employment income. J/A at 91, 149, 155, 159. Her reported gross taxable income for the Army rental space for each of these years was $2750, $3665, and $3498, respectively; the net income reported was $441, $1646, and $1305, respectively. J/A at 150, 154, 160. The solicitation for space form provided that among the government "services" and "facilities" to be provided were "janitorial services consisting of daily cleaning, quarterly window washing, and monthly waxing and buffing of floors ... shampoo carpet every three years." At the outset, we find it difficult to believe that, even if a portion of the lease income were attributable to self-employment income for "janitorial" type services, the allocation claimed by Mrs. Hollohan was reasonable, particularly in view of the wages claimed to be paid during the period to her helper which cannot be claimed, of course, by Mrs. Hollohan as part of her own self-employment income. *See* 26 C.F.R. § 1.1402(a)–4(d) (1986) (only that portion of income not classifiable as rentals, and the expenses attributable to such portion, are treated as earnings from self-employment).

In determining that claimant had failed to establish her claim to self-employment income status, the Secretary ruled that she had not carried her burden of "furnishing clear and convincing evidence to support her right to the payment of benefits." *Maloney v. Celebrezze*, 337 F.2d 231 (3d Cir. 1964), involves a similar claim with respect to a several story, multi-use commercial building such as the one at issue. That case held that "janitorial work within the offices, including the daily removal of trash; installation and repair of water coolers and air-conditioning equipment," and other such services rendered by the building owner and his helpers "were clearly of the type usually and customarily furnished

in connection with the efficient operation" of office space. *Id.* at 233. These services claimed in *Maloney* to be self-employment income therefore did not "change the essential character of the appellant's income as 'rentals from real estate,'" and did not qualify for purposes of Reg. 404.152 and the Social Security Act. *Id.* We find *Maloney* to be persuasive authority to uphold the magistrate and the district court although not cited by either of them.

We find substantial evidence to support the findings and conclusion that Mrs. Hollohan was not engaged in a trade or business nor held herself out to be so engaged during the period in question. It is therefore not necessary to allocate any portion of her rental income from the Army as self-employment income. In reaching this decision, we are mindful of *Conklin v. Celebrezze*, 319 F.2d 569 (7th Cir.1963), but that case applied to a boarding house and we do not consider it pertinent to the facts in this controversy.

Accordingly, we AFFIRM the decision of the district court denying benefits.