OPINION OF THE COURT
RENDELL, Circuit Judge.
After Gary Berardi filed a petition for bankruptcy in 1998, the Internal Revenue Service (“IRS”) filed a proof of claim seeking recovery for a claimed income tax liability of $24,079 plus penalties and interest, the result of an audit of Berardi’s 1995 federal income tax return. The Bankruptcy Court overruled Berardi’s objection to the proof of claim and entered judgment for the IRS. The District Court affirmed, and Berardi filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291, and will affirm.
As we write solely for the parties, we need not detail the factual background of this appeal. Berardi challenges each of the Bankruptcy Court’s three factual findings with regard to his apparent outstanding tax liability for 1995:(1) that Berardi had unreported income in the amount of $34,900 evidenced by documented gambling activity, (2) that Berardi had other unreported income in the amount of $14,399, and (3) that Berardi had $24,001 of unsubstantiated business expense deductions. We review the Bankruptcy Court’s factual findings for clear error and legal determinations de novo. See In re Brown, 951 F.2d 564, 567 (3d Cir.1991).
Berardi first argues that the Bankruptcy Court committed clear error by concluding that he had unreported income in the amount of $34,900 related to gambling activity. That figure was based on “Currency Transaction Reports” turned over by the Claridge and Taj Mahal casinos, which indicated that in June of 1995 Berardi had cash buy-ins of $23,400 and $11,500, respectively, at those two establishments. Berardi, however, points to the casinos’ *662 “Cumulative Player History” reports, which indicate that he had a net loss gambling at those two casinos in 1995. Relying on 26 U.S.C. § 165(d), which allows an itemized deduction for gambling losses to the extent of gambling winnings, he therefore asserts that he could not have had any taxable gambling income for the year because the documentary evidence indicates that he took a net loss.
As the IRS correctly notes, however, Berardi was obligated to report all income on his return, “from whatever source derived.” 26 U.S.C. § 61(a). Berardi suggests that taxable income from gambling is limited to “net winnings,” but there is absolutely no legal basis for that conclusion. That Berardi could have deducted any gambling losses from his gambling winnings, had he in fact reported both and chosen to itemize his deductions, has no bearing on whether Berardi’s income — however he obtained it and however he spent it — was reportable “income” for tax purposes. Accordingly, courts have time and again uniformly rejected precisely the sorts of arguments put forth by Berardi here. See Stein v. Comm’r of Internal Revenue, 48 T.C.M. (CCH) 724 (“Petitioner’s confusion arises from his mistaken belief that his gambling losses should be netted against his gambling winnings and that only any excess winnings should be includable in gross income. Unfortunately for petitioner, that is not the law.”), aff'd mem. 770 F.2d 1075 (3d Cir. 1985); see also, e.g., McClanahan v. United States, 292 F.2d 630 (5th Cir.1961); Hochman v. Comm’r of Internal Revenue, 51 T.C.M. (CCH) 311 (1986); Umstead v. Comm’r of Internal Revenue, 44 T.C.M. (CCH) 1294 (1982).
Berardi also argues that part of his gambling buy-ins were casino markers— i.e., that at least some of the money listed on the casinos’ Currency Transaction Reports represented “gambling debt, not gambling income.” In cases of unreported income, however, the IRS’s determination of deficiency is afforded a presumption of correctness where, as here, it has presented “predicate evidence connecting the taxpayer” to the tax generating activity. Anastasato v. Comm’r of Internal Revenue, 794 F.2d 884, 887 (3d Cir.1986) (quoting Gerardo v. Comm’r, 552 F.2d 549, 554 (3d Cir.1977)). Thus, the burden is on Berardi, and, as both the Bankruptcy and District Courts noted, he has put forth no documentary evidence to support his assertions or otherwise undermine the IRS’s determination of unreported income. “A general denial of liability is insufficient to meet the taxpayer’s burden.... ” Anastasato, 794 F.2d at 886-88.
Berardi next challenges the Bankruptcy Court’s conclusion that he had $14,399 in other unreported income. That total represents Berardi’s deposits to his personal checking account in excess of the gross receipts reported on his return. Berardi maintains that this amount was not income but, rather, casino loans. Again, however, the onus is on Berardi and he has presented no evidence for that conclusion. Berardi also suggests that the IRS auditor’s calculations were critically faulty because she was without his bank statement for June of 1995, but he has put forth no evidence from which we might conclude that the correct numbers were other than those accepted by the Bankruptcy and District Courts.
Finally, Berardi argues that it was error to charge him with $24,001 of unsubstantiated business expenses. Berardi offers a chart that purportedly demonstrates mathematical miscalculations on the part of the auditor, but his chart is itself replete with errors and provides no reason to question the auditor’s analysis. In addition, at no point has Berardi provided any evidence to substantiate any of his claimed but excluded business deductions. Tax *663 payers are obligated to maintain records sufficient to verify claims made on tax returns, see 26 U.S.C. § 6001; 26 C.F.R. § 1.6001-1, and the burden is always on the taxpayer to establish entitlement to a deduction and the amount thereof. See, e.g., United States v. General Dynamics Corp., 481 U.S. 239, 245, 107 S.Ct. 1732, 95 L.Ed.2d 226 (1987); Helvering v. Taylor, 293 U.S. 507, 514, 55 S.Ct. 287, 79 L.Ed. 623 (1935); Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991 (1931). Berardi has simply failed to satisfy that burden.
We have reviewed all of the arguments presented by Berardi, and, like the District Court, we find no basis on which to reverse the Bankruptcy Court’s considered rulings. Accordingly, we will AFFIRM.